IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERRELL ADOLFUS THORNE,**

        **Petitioner,**

**v.**                                              **Civil Action No. 3:11CV22**
                                                  **Criminal Action No. 3:09CR84-1**
                                                  **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**REPORT AND RECOMMENDATION
THAT PETITIONER'S §2255 MOTION BE DENIED**

## I.    INTRODUCTION

On April 4, 2011, the *pro se* Petitioner, Terrell Adolfus Thorne, filed a Motion pursuant to § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Also on April 4, 2011, Petitioner filed a Motion to Hold Case in Abeyance, and on April 5, 2011, the Court granted Petitioner's Motion to Hold the Case in Abeyance for ninety days to allow Petitioner to file a Memorandum in support of his motion pursuant to 28 U.S.C. § 2255. On August 29, 2011, this Court issued an Order Directing Petitioner to File a Memorandum of Law within twenty-one (21) days from the date of the Order. To date, Petitioner has not filed a Memorandum of Law in support of his claims. The Government filed its Response on October 17, 2011.

## II.    FACTS

**A.    Conviction and Sentence**

On November 17, 2009, Petitioner was named in a seven-count indictment for conspiracy to possess with the intent to distribute and to distribute five grams or more of cocaine

base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); distribution of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860; distribution of cocaine base in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and assaulting an officer, in violation of 18 U.S.C. § 111.

On January 14, 2010, Defendant pled guilty to Counts two and seven of the indictment charging him with aiding and abetting the distribution of cocaine base within 1,000 feet of a school and assault on a federal officer. On April 5, 2010, Petitioner was sentenced as to Count two to a term of 120 months to run concurrently, six years of supervised release, and a $100 special assessment fee. As to Count seven, Petitioner was sentenced to a term of 120 months to run concurrently, three years of supervised release, and a $100 special assessment fee.

**B.     Appeals**

Petitioner has filed no other appeals.

**C.     Federal Habeas Corpus**

Petitioner claims that (1) the probation officer improperly calculated his criminal history points, and (2) he received ineffective assistance of counsel because his attorney did not file an appeal on the basis of this miscalculation of criminal history points.

The Government contends that this § 2255 petition should be dismissed because Petitioner validly waived his right, pursuant to the plea agreement, to challenge his conviction via collateral attack. In addition, the Government argues that the district court properly afforded two criminal history points for his prior, separate convictions and that because this is the correct calculation, his attorney's failure to file an appeal on this basis did not result in ineffective assistance.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 Motion be denied and dismissed from the docket because Petitioner's claims are without merit.

## III. ANALYSIS

**A. Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, No. 2:02CR65, 2006 WL 36859, at *2 (E.D.Va. Jan. 4, 2006).

**B. Procedural Default**

The Court finds petitioner is not procedurally barred from raising claims of ineffective assistance of counsel in his present § 2255 motion. It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert.

denied, 528 U.S. 1096 (2000); White v. United States, No. 5:03CV02084, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

**C.     Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

**Claim 1:**

Petitioner first claims he should not have been given two criminal history points for each of his two prior convictions. Petitioner was arrested on March 1, 2008 for domestic battery and he was arrested on April 24, 2008 for possession of a controlled substance. He was sentenced for both offenses on July 2, 2008. Petitioner's presentence report then gave him two criminal history points for his March 1, 2008 arrest and two criminal history appoints for his April 24, 2008

4

arrest. When these were listed on the presentence report, Petitioner objected to the assessment of the two separate criminal history points, but the district court overruled his objection.

United States Sentencing Guidelines Section 4A1.1 is used to determine a defendant's criminal history category, however, Section 4A1.2 governs the computation of criminal history points, so the sections must be read together. Section 4A1.1(a) adds three points for "each prior sentence of imprisonment exceeding one year and one month." Section 4A1.1(b) adds two points for" each prior sentence of imprisonment of at least sixty days not counted in (a)." United States Sentencing Guidelines Section 4A1.2(a)(2) also provides that "prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." Although here Petitioner makes an argument that criminal history points should not be assessed separately when sentences have been given at the same hearing, the Fourth Circuit has already determined that prior sentences do not have to be taken as related if they were for offenses separated by an intervening arrest. United States v. Huggins, 191 F.3d 532, 539 (4th Cir. 1999). See also United States v. Thorne, 318 Fed. App'x 170 (4th Cir. 2009); United States v. Collins, 412 F.3d 515, 520 (4th Cir. 2005)(where the defendant conceded the two prior offenses were separated by an intervening arrest, the district court properly found the two offenses were not related for sentencing purposes). Here, Petitioner was first arrested on March 1, 2008, and then, in a second and intervening act, he was arrested on April 24, 2008, therefore indicating that these two prior sentences are not related. Therefore, this Court finds that Petitioner's claim is without merit.

**Claim 2:**

Petitioner next claims that his counsel was ineffective for failing to appeal his sentences being counted as separate sentences. As stated above, prior sentences are always counted

separately if they were imposed for offenses that were separated by an intervening arrest. Accordingly, trial counsel was not ineffective for failing to object to the treatment of the sentences as two prior sentences. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument…cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)("there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument") Therefore, this Court must deny Petitioner's claim.

## IV.    RECOMMENDATION

For the reasons stated above, the undersigned recommends that Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence be **DENIED**.

On or before **December 27, 2011,** any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Chief Judge John Preston Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and counsel of record, as applicable.

DATED: December 13, 2011        /s/ James E. Seibert
                                JAMES E. SEIBERT
                                UNITED STATES MAGISTRATE JUDGE